NoReis, J.
The defendant in error, Sumner J. Marsh, in his petition n the action which is sought to be reversed, says, that before the 23rd of September, 1896, the plaintiff in error, the Toledo & Ohio Central Railroad Company, who was defendant below, offered and advertised to carry passengers on the 23rd and 24th of September, from West Mansfield in this county, to the city of Columbus, to return on the 25th of the same month, for $1.30, and advertised that it would sell tickets for this purpose at its ticket office at West Mansfield on the 23rd and 24th, On the 23rd of September, 1896, plaintiff went to defendant’s ticket office at West Mansfield for the purpose of availing himself of this offer of defendants, to sell a ticket from West Mansfield to Columbus and return during these dates for $1.30, and found no agent of defendant there and the ticket office closed, and could not for this reason purchase a ticket for this trip. When the train came and stopped at the station of West Mansfield, he entered the defendant’s cars for the purpose of making this journey for the price advertised; he had no ticket; he offered the conductor one-half of the advertised fare from West Mansfield to Columbus and return, namely, 65 cents, and offered to purchase of the conductor a ticket to Columbus and return, and offered to buy a ticket at the first stop where a ticket office was found open, to buy a *381 ticket to Columbus and return; but the conductor refused each of these offers, refused to allow plaintiff to continue on the train, and he and the brakeman, all agents of defendant company, violently and with wantonness, and with unnecessary force ejected him from the train at a point six miles from his home, and before the e^d of the journey, and in so doing maltreated plaintiff and injured him, and that he was thereby caused pain and suffering, and was prevented from attending to his business in the city of Columbus, in all to his damage of $2,000, which he seeks to recover.
Defendant railway company, by its answer, admits that plaintiff boarded its train at West Mansfield, which left West Mansfield at 5-18 of the morning of the 23rd of September, 1896, and offered the conductor 65 cents, which the conductor refused t,o' accept.
It admits that it advertised to sell tickets from West Mansfield to Columbus and return for $1.30, good September 23, 24 and 25, 1896, which was one-half of the regular fare for said trip, and denies that it offered to carry passengers on said trip at a price less than the regular fare, other than those who provided themselves with these round trip tickets.
Defendant says that plaintiff boarded this train at West Mansfield with full knowledge of this, and knew when he went to West Mansfield that he could not purchase a ticket at said office at that time of day, and that the defendant did not require or have its office at this point open for business of any kind at that hour. And knew when he got on the train that he would not be permitted to ride at reduced rates without a ticket permitting to do so. All else in the petition is denied by the answer.
Plaintiff says in his reply that these tickets were not on sale before the 23rd of September, and that on the day be: fore, on the 22nd of September. 1896, plaintiff informed defendant’s ticket agent at its office in West Mansfield, that *382 he intended to take this trip on this morning train and would want an excursion ticket as offered in said advertisement, and that defendant’s agent did not inform plaintiff that no ticket would be on sale at said office for said morning train for said trip, and that defendant is precluded by this neglect of its agent from making said defense.
The issues thus tendered were snbm’tted to a jury in the trial court, which resulted in a verdict for the plaintiff for the sum of $443.75.
On the 2nd day of April, 1898, the defendant, plaintiff in error here, presented its bill of exceptions embodying the evidence at the trial and such record history of the proceedings up to that date, as it is the office of a bill of exceptions to save, which bill was on that day allowed, signed and ordered to be made a part of the record and filed with the papers in the action.
On the 4th day of April, 1898, the case came cn to be heard in the trial court upon the motion to set aside the verdict and for a new trial, which motion had been filed within the time prescribed by law. Upon the hearing of this motion, on the suggestion of the court, plaintiff submitted to entry of a remittitur, of so much of the verdict as exceeded $300, and that being entered the motion for new trial was overruled and judgment entered upon the verdict for $300, to all of which defendant excepted, and prosecutes error here for purposes of reversal.
The errors assigned in the petition in the case are:
First: Error in admitting evidence offered by plaintiff.
Second: Error in rejecting evidence’.’offered by defendant to sustain the issues on its behalf.
Third: Error in the charge to the jury.
Fourth: That the verdict is nonsupported?; bypthe weight .of the evidence.
Fifth: The verdict is contrary to law.
Error in overruling lbe‘'molion'"fonnew trial.
*383 Ia the motion for new trial are the additional assignments, that the court erred in refusing to charge the 'jury as requested by defendant, and that the verdict-is excessive.
We are of the opinion that the parts of the record of this proceeding which are dependent for review upon a motion for new trial and a refusal by the trial court to allow the motion, are not brought into this record and presented here for investigation. The statute providing for presenting and allowing bills of exceptions and fixing the time within which the same shall be done, determines the period to be within fifty days after the overruling of the motion for new trial or the decision of the court when a motion for new trial is not necessary. So that it would appear that the steps to save for review, those matters to which the character of error can only be imparted by the trial court in its adverse adjudication of the motion for new trial or in its decision, must be taken after the decision is made or the motion is overruled, otherwise the matter has not been finally determined and the error does not exist, and it would follow surely that an exception to an error that has not been committed saves nothing as in this case; it contemplates trouble that may never present itself,and a mistake that the chances are at least even will never be made.
The right to review this case on the weight of the evidence, or on the claim of excessive damages found by the verdict which can only be determined upon examination of the evidence; or on the error claimed by refusing to charge as requested which is assigned in the motion for new trial, but not in the petition in error; or upon the overruling of the motion for new trial, should be saved in the manner pointed out; that is in challenging the action of the court not before, but after the court has acted.
So the matters assigned for error which preceded the motion and do not arise upon it for review are:
First: Error in the admission of evidence over the defendant’s objection.
*384 Second: Error in rejecting evidence offered by defendant in its behalf.
Third: Error in the charge to the jury as given,
Fourth: That the verdict is contrary to law — that is here to say, not that it is illegal because not supported by the evidence; but that the verdict was induced by and rests upon some erroneous exposition of the law by the trial court'.
As to the assignments that there is error in the admission and in the rejection of evidence, we have examined the record carefully with this in view, and find nothing in this regard to the prejudice of the plaintiff in error.
As to the charge as given, we have inspected it thoroughly and find that it fully covers all the issues and correctly gives the law applicable to the controversy as presented by the pleadings. And this is as far as we can go in the direction indicated by this assignment of error, because the evidence is not here for review, and we may not measure how far it is or is not applicable to the facts as shown by the evidence.
The plaintiff asserts that the defendant offered by advertisement to sell him a ticket from West Mansfield to Columbus and return for $1.80, good on the 23rd, 24th and 2oth of September, 1896. That he went to its ticket agent at West Mansfield on the 22nd of September, and notified and informed defendant’s ticket agent there at defendant’s ticket office, that he would be there on the morning of the 23rd to buy a ticket of the kind offered, for the purpose of riding to Cdumbus on that morning train. That was a train upon which a ticket of that character warranted a ride. He went there before the train came, could get no ticket because the office was closed; got onto the train without a ticket, made offer of reduced rate to Columbus which was refused by the conductor, who plaintiff says by wanton and excessive violence ejected him from the train, and that he was by this act of the conductor’s physically injured. Of *385 the salient points of plaintiff’s case as he thus states it, defendant makes denial, and we find that to these issues, the charge is in all things full and applicable. And we must in the absence of something to the contrary upon the record appearing,conclude that there was evidence which supported these issues on behalf of plaintiff and to which the charge of the court was responsive.
George E. Grane, and Doyle & Lewis, for Plaintiff in Error.
Hounstine & Huston, for Defendants in-Error.
Without commenting upon the cases cited by plaintiff in error and.which we have carefully examined and which, in the absence of excessive force, seem to point to the contract for remedy, and not to any remedy in tort. We are inclined to the contrary holding as supported by the best guarded reasons and authority, to use the language in the Railway Company v. Reynolds, 55 Ohio St., 384, that in such case, “a railway company will be made liable by the act of its agent in following its rules, where the appearances on which he acted was created by the fault of another agent of which he had no knowledge. Such a contingency is a risk incident to the privilege of making rules, and the company should suffer for the fault of its agent that causes the mistake rather than an innocent person.”
Here,in this ease,is the further element of excessive force and wanton assault, which, with all else eliminated, and whether plaintiff was in said car by right or wrong, supports the action and warrants the exposition of the law as given in the charge and the conclusion of the jury as evidenced by the verdict. Finding no error on the face of the record to the prejudice of plaintiff in error, the judgment is affirmed at costs of plaintiff in error, and the case is remanded for execution.